## SUPREME COURT OPINIONS
### Not Yet Published for Official Volume

To Appear in Ohio State Reports

### No. 45
### STATE v. BROZICH
Ohio Supreme Court
No. 17883. Filed March 2, 1923
Decided Nov. 6, 1923

923. PLEADINGS—Certain circumstances showing an immaterial variance between indictment and proof—The common law rule in regard to variance has been changed in Ohio—Variance must be material or prejudicial before it will be held fatal—Use of word "rungs" instead of "rugs" in indictment not a fatal variance.

For official syllabus, see 1 Abs. 812
Full opinion to be published in 109 or 110 O.S.

WANAMAKER, J.

Epitomized Opinion

Brozich was tried in Cuyahoga county on an indictment charging burglary and larceny. He was found guilty and sentenced to the penitentiary for a period of not less than two years. The indictment was in the usual form charging that he entered a storehouse belonging to one Shainker and that he stole and carried away 9 "rungs" to the value of $360. Error was prosecuted to the Court of Appeals upon the ground that there was a fatal variance in that the indictment charged the steal-

ing of "rungs" instead of "rugs." The Court of Appeals found this variance fatal and error was then prosecuted to the Supreme Court. In reversing the judgment of the Court of Appeals, the Supreme Court held:

1. "Variance" in criminal trials is generally a conflict or disagreement between the pleading and the proof in a matter essential to the charge.

2. Under the common law rule any such variance was fatal to conviction, but in most of the states, particularly in Ohio, this common law rule has been radically changed by statute.

3. Under GC. 13582 a variance must be material or prejudicial to the defendant before such variance can be ground for an acquittal.

4. The use of the word "rungs" instead of "rugs" in the indictment is not a fatal variance.

Attorneys—Edward C. Stanton, Pros., and Thomas J. Herbert, for State; C. V. Liggett, for Brozich, all of Cleveland